UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| WILLIE R. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-534 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| GOSPEL MISSION, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

This is a civil action brought by a *pro se* plaintiff. The defendants are the Gospel Mission of Sioux Falls, South Dakota, and five individuals, identified only by their first names, who are apparently employed by the defendant Gospel Mission. The nature of plaintiff's claims is difficult to discern, as the complaint is essentially devoid of facts but long on legal jargon and allegations of conspiracy. Plaintiff does state, however, that he was at first told that he would be able to stay at the mission for thirty days, but then was told that he could only stay for three days. After that, defendant "Todd" called the police and allegedly made a false accusation against plaintiff. The complaint does not allege any act or omission within the Western District of Michigan, nor does it indicate that any defendant has ties with this district.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges in vague fashion that the defendants have violated his federal rights. I therefore surmise that plaintiff is attempting to assert some sort of claim arising under federal law.[1] Venue in federal-question cases is governed by 28 U.S.C. § 1391(b). That statute allows a case to be brought only in a judicial district where any defendant resides (if all defendants reside in the same state), or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which any defendant may be found. In this case, the defendant Gospel Mission is located in Sioux Falls, South Dakota, and the individual defendants are likewise located in that state. Plaintiff does not allege that any defendant resides in this district or is found here and he does not identify any act or omission taking place in this district. Venue is clearly improper in the Western District of Michigan.

---

[1] Plaintiff does not allege either diversity of citizenship or the requisite amount in controversy under 28 U.S.C. § 1332(a).

The Judicial Code empowers the court in such circumstances to either dismiss the case for improper venue or transfer it to a district in which the action could have been brought, if a transfer would serve the interests of justice. 28 U.S.C. § 1406(a). The question whether to cure a lack of proper venue by dismissal or transfer lies in the discretion of the court. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). In this case, a dismissal without prejudice appears to be in the interests of justice. Plaintiff is proceeding *in forma pauperis*, and therefore has not invested any funds in paying the filing fee or other costs of this action. A dismissal without prejudice would therefore cost plaintiff nothing. If he is serious about pursuing claims against the Gospel Mission in Sioux Falls, South Dakota, he is free to file a new lawsuit in the District of South Dakota.

**Recommended Disposition**

On the foregoing basis, I recommend that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) for improper venue.

Dated:  June 27, 2008             /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).